**George H. X. WHITE, Appellant,**

**v.**

**In the Matter of N. E. M., Appellee.**

**No. 9506.**

District of Columbia Court of Appeals.

Argued Feb. 4, 1976.

Decided May 24, 1976.

Rehearing and Rehearing en Banc Denied July 20, 1976.

Beverly G. Stone, Washington, D. C., for appellant.

Bernard John Williams, Jr., with whom Anne T. Liipfert, Washington, D. C., was on the brief, for appellee.

Louis P. Robbins, Acting Corp. Counsel, Richard W. Barton and Dennis McDaniel, Asst. Corp. Counsels, Washington, D. C., filed a memorandum as amicus curiae.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

The child N. E. M. was born in March of 1971. At the time, N. E. M.'s mother was married to an individual who is listed as the father of N. E. M. on the child's birth certificate, but appellant George H. X. White claims to be N. E. M.'s real father.

When N. E. M. was eight months old her mother left her in the care of the Baker family, former neighbors of N. E. M.'s mother and appellant White. With the exception of several short placements at an infant home, N. E. M. has remained in the Bakers' care since November 1971. In the spring of 1972 appellant visited N. E. M. several times on weekends and contributed some money to her support. In October 1972 appellant was arrested in Ohio, was later convicted of several felonies, and was sentenced to a term of imprisonment from 15 to 55 years. Appellant's parole date is October 1982. Appellant claims that several times he has offered financial aid to the Bakers, and that he is accumulating money for N. E. M.'s support.

On April 9, 1973, a petition was filed in Superior Court charging N. E. M.'s mother

and appellant White, N. E. M.'s putative father, with neglect. D.C.Code 1973, § 16–2305. A finding of neglect was entered on May 18, 1973, and N. E. M. was committed to the custody of the Social Rehabilitation Administration of the Department of Human Resources and placed with the Baker family. D.C.Code 1973, § 16–2320. On October 11, 1974, a motion was made requesting that parental rights to N. E. M. be terminated pursuant to Rule 18(c) of the Superior Court Neglect Rules. A hearing was held on March 5, 1975, and by order entered on March 20, 1975, parental rights to N. E. M. were terminated.

In our recent decision in *In re C. A. P.,* D.C.App., 356 A.2d 335 (1976), we held that, absent unusual circumstances allowing the exercise of the parens patriae power, the Superior Court does not have authority to terminate parental rights to a child other than through the statutory procedure established in adoption proceedings. *See* D.C.Code 1973, § 16–304. Although the record clearly shows that the Bakers wish to adopt N. E. M., no adoption petition has been filed by them and in fact the filing of the petition has been held in abeyance pending the resolution of this appeal. (Appellee's Brief at 3 n. 1).

As was the case in *In re C. A. P.,* the termination proceeding here was used solely to facilitate the proposed adoption of N. E. M. Since a statutory procedure exists to accomplish termination of parental rights as part of an adoption proceeding, that procedure should have been followed here. We are not persuaded that the par-

ticular circumstances of this case are so unusual as to justify the pre-adoption termination of parental rights to N. E. M. under the "amorphous concept of parens patriae." *See In re C. A. P., supra.* Accordingly, the order of the trial court terminating appellant's parental rights to N. E. M. is reversed.[1] N. E. M. shall remain in the custody of the Social Rehibilitation Administration pending further proceedings.[2]

*So ordered.*

---

1. Because of our disposition of this case, we need not decide the issues raised by appellant in his brief that (1) the court below erred in proceeding with the termination hearing in April 1975 when a different judge had ruled in December 1974 that the case would not be ready until an adoption petition was filed; (2) the court erred in terminating parental rights since appellant never received notice of the termination hearing and as not represented by counsel at the earlier neglect proceeding; and (3) appellant's absence from the neglect proceeding resulted in an improper shifting of the burden to him at the termination hearing, requiring appellant to prove he was a fit parent rather than requiring the District of Columbia to prove he was unfit.

2. Although the Social Rehabilitation Administration has official custody of N.E.M., the Administration may allow N.E.M. to remain with the Bakers.